**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ALFRED W. HEBNER,
      *Petitioner-Appellant,*

v.

JOE MCGRATH,\* Warden,
      *Respondent-Appellee.*

No. 06-16533

D.C. No.
CV-00-02907-VRW

OPINION

Appeal from the United States District Court
for the Northern District of California
Vaughn R. Walker, Chief District Judge, Presiding

Argued and Submitted
April 14, 2008—San Francisco, California

Filed September 16, 2008

Before: Ronald M. Gould, Richard R. Clifton, and
N. Randy Smith, Circuit Judges.

Opinion by Judge Clifton

---

    \*We retain in the caption the name of the original custodian of Alfred W. Hebner, Warden Joe McGrath. Should the parties desire that the caption reflect his current custodian, they may file a motion requesting such a change, supported by documentation identifying the current custodian.

**COUNSEL**

George C. Boisseau and Dena Meirhenry (argued), Santa Rosa, California, for the appellant.

Nanette Winaker (argued) , Deputy Attorney General, State of California, San Francisco, California, for the appellee.

**OPINION**

CLIFTON, Circuit Judge:

Alfred W. Hebner seeks to challenge his California state conviction with a petition for habeas corpus under 28 U.S.C. § 2254. The primary question presented by this appeal is whether a new argument contained within a proposed amended habeas corpus petition, filed by Hebner after the one-year limitations period imposed by 28 U.S.C. § 2244(d)(1), part of the Antiterrorism and Effective Death Penalty Act (AEDPA), related back to his timely filed original petition. The district court denied Hebner's motion for leave to file the amended petition, concluding that the new claim was untimely. We agree and answer the question posed above in the negative.

Federal Rule of Civil Procedure 15(c)(2) provides that an amended complaint, in this case an amended habeas corpus petition, relates back to the original pleading when it "[arises] out of the same conduct, transaction, or occurrence." Although this court interpreted the relation-back provision broadly in the past, the Supreme Court's decision in *Mayle v. Felix*, 545 U.S. 644 (2005), instructs us that the interpretation

must be constrained. Under *Mayle*, a new claim in an amended petition relates back to avoid a limitations bar, when the limitations period has run in the meantime, only when it arises from the same core of operative facts as a claim contained in the original petition. It is not enough that the new argument pertains to the same trial, conviction, or sentence.

The new argument added in Hebner's amended petition regarding a jury instruction did not arise from the same core of facts as any of the claims asserted in his original petition. We thus affirm the district court's denial of Hebner's motion to amend. Because Hebner's other habeas argument on appeal, a claim of ineffective assistance of counsel, is no more successful, we affirm the district court's denial of his habeas corpus petition.

## I. Background

Hebner was convicted after a jury trial in California state court of four counts of forcible rape and one count each of attempted rape, assault by force likely to produce great bodily injury, and false imprisonment. The victim, named Kim, positively identified Hebner, testified that she was certain that he was the man who raped her, and denied ever having consented to sexual intercourse with him. A hospital nurse testified that during an examination of Kim she discovered secretions on Kim's inner thighs, fingernail-shaped marks on her left hand, and two bruises on her right arm. Kim told her the man's name was "Al" and that he had threatened to kill her. A forensic expert testified that there was sperm present in the vaginal smear from Kim and on the swab from her inner thighs and clothing.

The evidence against Hebner also included testimony about another sexual offense allegedly committed by Hebner. That was presented in the form of testimony by Penelope, who identified Hebner as the man who raped her seven years before. The court admitted Penelope's testimony under Cali-

fornia Evidence Code § 1108[1] as proof of the defendant's "propensity" to commit sexual offenses and under California Evidence Code § 1101(b)[2] as proof of intent and common plan. At the close of evidence, the court provided the jury with an instruction based upon a standard form then in common use, which stated in part that "if you find that the defendant did commit another sexual assault crime . . . you may infer that . . . he also committed the charged sexual offenses in this case." The jury was also instructed, as was then customary, that it could find that the defendant committed the other uncharged sexual offense based upon a preponderance of the evidence.

Hebner was convicted and the trial court sentenced him to forty-eight years in prison. The California Court of Appeal affirmed the judgment, and the California Supreme Court denied review. Hebner unsuccessfully sought post-conviction

---

[1]Cal. Evid. Code § 1108(a) provides that: "In a criminal action in which the defendant is accused of a sexual offense, evidence of the defendant's commission of another sexual offense or offenses is not made inadmissible by Section 1101, if the evidence is not inadmissible pursuant to Section 352." Section 1101 provides that "evidence of a person's character or a trait of his or her character (whether in the form of an opinion, evidence of reputation, or evidence of specific instances of his or her conduct) is inadmissible when offered to prove his or her conduct on a specified occasion," with specified exceptions, including the exception set forth in Section 1108. Section 352 provides that: "The court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury."

[2]Cal. Evid. Code § 1101(b) provides that: "Nothing in this section prohibits the admission of evidence that a person committed a crime, civil wrong, or other act when relevant to prove some fact (such as motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or whether a defendant in a prosecution for an unlawful sexual act or attempted unlawful sexual act did not reasonably and in good faith believe that the victim consented) other than his or her disposition to commit such an act."

relief in California state court. The California Supreme Court denied his final petition on April 26, 2000.

On August 15, 2000, Hebner filed pro se a petition for habeas corpus under 28 U.S.C. § 2254 in federal district court. The district court originally dismissed the petition as untimely under 28 U.S.C. § 2244(d), and Hebner appealed. This court reversed the dismissal and remanded the case after determining that the petition was timely in light of a decision rendered in the meantime, *Bunney v. Mitchell*, 262 F.3d 973 (9th Cir. 2001).

In his original habeas petition, Hebner made several claims. One was that the admission of propensity and character evidence, specifically the evidence regarding the alleged sexual assault on Penelope, denied him due process and equal protection. In presenting the argument, Hebner's original petition stated that "the prior offense only needed to be proved by a preponderance of the evidence" and that "there was a very real possibility that the jury simply convicted petitioner of the charged offense, not because they thought he was guilty, but instead to ensure that he would be punished for the uncharged offense." Other claims were that California Evidence Code § 1108 was an ex post facto law, that the evidence was insufficient thus depriving him of due process, and that his trial counsel rendered ineffective assistance in several ways, including in failing to object to the admission of the evidence concerning the sexual assault on Penelope.

On July 10, 2003, nearly three years after filing his original petition in district court and long after the one-year AEDPA limitations period had expired, Hebner filed a motion requesting leave to amend his original petition. He sought to add a claim that the trial court's jury instruction violated his right to due process because "[t]he trial court instructed the jury that they could convict [him] of the present offense merely because of a preponderance of evidence that [he had] committed a similar offense." The district court denied Hebner's

motion to amend, finding that his new claim was untimely and did not relate back to his original petition.

Subsequently, the district court denied Hebner's habeas petition on all claims of relief.[3] Hebner timely appealed.

## II.  Discussion

Hebner pursues two arguments on appeal. The first is that his trial counsel was ineffective for failing to challenge the admission of the prior sexual offense evidence. The second is that he should have been permitted to amend his petition to include a claim of jury instruction error, and that the argument he sought to add was meritorious.

The district court's denial of Hebner's § 2254 petition is reviewed de novo. *Arnold v. Runnels*, 421 F.3d 859, 862 (9th Cir. 2005). The district court's denial of a motion to amend a pleading is reviewed for abuse of discretion. *Pierce v. Multnomah County*, 76 F.3d 1032, 1043 (9th Cir. 1996).

Under AEDPA, we review a state court's decisions under a "highly deferential" standard. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (citation omitted). A habeas petition cannot be granted unless the state court decision was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

### A.  *Ineffective Assistance of Counsel*

We first consider whether the determination by the state

---

[3]The disposition of the petition by the district court was delayed in part by the need for Hebner to exhaust one of his claims in state court, during which time the federal proceeding was stayed.

court that Hebner's attorney was not ineffective for failing to object to the prior sexual misconduct on due process grounds was contrary to, or an unreasonable application of, clearly established federal law, or involved an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d). We conclude that it was not and affirm the district court's denial of Hebner's petition on that ground.

**[1]** A meritorious ineffective assistance of counsel claim has two components. First, the petitioner must demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Second, the petitioner must establish prejudice by demonstrating that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

**[2]** The state court of appeals rejected Hebner's ineffective assistance claim, concluding that the evidence would have been admitted even if trial counsel had objected. Hebner concedes on appeal that, even if Hebner's trial counsel succeeded in challenging the admission of Penelope's testimony under California Evidence Code § 1108 for the purpose of showing propensity to commit a sexual offense, the jury would have heard the evidence anyway, because the trial court would have admitted Penelope's testimony under the well-established rule permitting evidence regarding common plan or intent, Cal. Evid. Code § 1101(b). Under the circumstances, Hebner cannot establish the prejudice required by *Strickland* to make out a successful claim of ineffective assistance of counsel.

## B. Denial of Motion for Leave to Amend

Hebner moved for leave to file an amended petition which sought to add a claim that the jury instructions given by the trial court violated due process by opening the door to convic-

tion by the jury based on a standard of proof lower than "beyond a reasonable doubt." Hebner argues now that the jury instructions expressly permitted the jury to find that Hebner had committed a previous sexual assault based on "a preponderance of the evidence," and that the jury could infer from the previous crime that he had also committed the sexual offenses in this case. We need not elaborate on that argument, because the State of California concedes that our decision in *Gibson v. Ortiz*, 387 F.3d 812, 822-23 (9th Cir. 2004), would apply in this case to compel the granting of Hebner's habeas petition, if that claim was presented by Hebner on a timely basis. The issue on appeal thus centers squarely on whether Hebner asserted that claim in a way that fell within the one-year limitations period. The district court denied Hebner's motion for leave to file an amended petition, concluding that the new claim was untimely.

**[3]** Congress enacted AEDPA to advance the finality of criminal convictions by imposing "a tight time line" in the form of a one-year time limit on state prisoners seeking to challenge their convictions in federal court. *Mayle*, 545 U.S. at 662; 28 U.S.C. § 2244 (d)(1). The statute allows for a habeas petition to be amended "as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Rule 15 of the Federal Rules of Civil Procedure, the applicable civil rule on amended pleadings, provides that amendments made after the statute of limitations has run may "relate back" to the date of the original pleading when the amended pleading arises "out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15 (c)(1). There is no dispute that Hebner's original petition did not contain this new claim and that his amended petition was not offered until after the one-year limitations period had run, so the question is whether the claim at issue related back.

**[4]** This court previously interpreted broadly "conduct, transaction, or occurrence" to allow the relation back of an

amended claim as long as it stems from the same trial, conviction, or sentence as the original. In *Mayle*, the Supreme Court rejected our construction as "boundless," because "[u]nder that comprehensive definition, virtually any new claim introduced in an amended petition will relate back, for federal habeas claims, by their very nature, challenge the constitutionality of a conviction or sentence." *Mayle*, 545 U.S. at 656-57, 661. An amended habeas petition "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650. The original and amended claims must, instead, be "tied to a common core of operative facts." *Id.* at 664.

In *Mayle*, the Supreme Court concluded that the petitioner's amended complaint, which raised a Fifth Amendment self incrimination objection regarding pretrial statements, did not relate back to his original complaint, which raised a Sixth Amendment confrontation clause objection regarding the admission of videotaped witness testimony. *Id.* at 648-49. The two claims were "separated in time and type" because the amendment arose from a pretrial event and the original petition arose from the trial. *Id.* at 657; *see also United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005) (holding that pro se petitioner's ineffective assistance of counsel claim based upon his counsel's failure to inform petitioner of his appeal rights before the plea did not relate back to his initial claim alleging a due process violation based on the court's failure to advise the petitioner of the same consequences because the claims did not arise from the same core facts). Therefore, the original and amended petitions did not arise from the same "transaction."

**[5]** The new claim advanced in Hebner's proposed amended petition did not relate back to his original complaint, because it was "separated in time and type." *Mayle*, 545 U.S. at 657. In his original petition, Hebner asserted a claim that

the admission of Penelope's testimony violated his due process rights. Although Hebner made reference to the "preponderance of the evidence" standard which applied to the prior sexual offense, he did so only to further his argument that the admission of Penelope's testimony could have led the jury to find him guilty because they wanted to punish him for the crime against Penelope, without regard to whether the jury believed that he was actually guilty of the charged crimes against Kim. A complete reading of the initial petition makes clear that Hebner's challenge was to the admission of Penelope's testimony. The jury instruction itself was not at issue.

**[6]** In comparison, the claim Hebner sought to add in his amended petition was that the trial court's instructions effectively lowered the burden of proof required to convict him of the charged offenses. Hebner's original claim related to the evidence admitted at trial, while his later claim was directed at the jury instructions given by the trial court.

**[7]** Those two claims are not sufficiently related, under *Mayle*. The Court specifically noted that Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts (the Habeas Rules) requires a petitioner to "specify all [available] grounds for relief" and to "state the facts supporting each ground." *Id.* at 645. Under that rule, Hebner, like the petitioner in *Mayle*, was required to state his two claims separately. Each would have been supported by "separate congeries of facts," the first claim focusing on the admission of evidence and the later claim on the instructions given to the jury, suggesting that they were separate occurrences. *Id.* at 646.

What can qualify as a related claim was illustrated by the discussion in *Mayle* of the Court's prior decision in *Tiller v. Atlantic Coast Line Railroad*, 323 U.S. 574, 580-581 (1945). That case involved a railroad worker who was struck and killed by a railroad car. To recover for his wrongful death his widow sued under the Federal Employers' Liability Act, 45

U.S.C. § 51 et seq., and alleged various negligent acts. Later she added a claim under the Federal Boiler Inspection Act for failure to provide the train's locomotive with a rear light. The Court held that the amendment related back, and therefore avoided a statute of limitations bar, even though the amendment invoked a legal theory not suggested by the original complaint and relied on facts not originally asserted, because there was only one "episode-in-suit in *Tiller*, a worker's death attributed from the start to the railroad's failure to provide its employee with a reasonably safe place to work." *Mayle*, 545 U.S. at 660. There was but one "single 'occurrence,' an accident resulting in her husband's death." *Id.*

**[8]** In contrast, here there are at least two discrete occurrences upon which Hebner bases his claims: the admission of evidence during trial and the instructions charged to the jury after the close of evidence. The two claims depend upon separate transactions and do not share a common core of operative fact. The district court did not abuse its discretion in denying Hebner's motion requesting leave to amend his habeas petition, because the claim which he proposed to add by his amendment did not relate back to the claims contained in his original petition.

## III.   Conclusion

The district court correctly rejected Hebner's original claim of ineffective assistance of counsel, since he could not demonstrate prejudice. The jury instruction claim presented in Hebner's amended petition did not relate back to his original petition because it arose from a different core of operative facts, so it was untimely under the statute of limitations. Accordingly, we affirm the denial by the district court of Hebner's habeas corpus petition.

**AFFIRMED.**