FILED

**NOT FOR PUBLICATION**

MAR 22 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FELIX SOLORIO VALDOVINOS, | No. 08-15918 |
| Petitioner - Appellant, | D.C. No. 4:02-CV-01704-CW |
| v. | |
| JOE MCGRATH, | MEMORANDUM[*] |
| Respondent - Appellee. | |

On Remand from the United States Supreme Court

Before: B. FLETCHER and KLEINFELD, Circuit Judges, and DUFFY, Senior District Judge.[**]

This memorandum is occasioned by the Supreme Court's vacatur and remand of our prior disposition for further consideration in light of *Harrington v. Richter*, 131 S. Ct. 770 (2011). Petitioner-Appellant Felix Solorio Valdovinos appeals the district court's denial of his amended habeas corpus petition challenging his jury conviction of first degree murder. He contends that the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Kevin Thomas Duffy, Senior District Judge for the U.S. District Court for Southern New York, New York, sitting by designation.

government withheld potentially exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and that his trial counsel's performance fell below the level required under *Strickland v. Washington*, 466 U.S. 668 (1984). Applying 28 U.S.C. § 2242 deference to the state court's conclusions, we affirm the district court's denial of the petition.

## I.

The facts underlying this appeal are known to the parties and need not be repeated here. The district court denied habeas relief on March 12, 2008, and certified two issues for appeal: (1) whether the *Brady* violations denied Valdovinos due process; and (2) whether Valdovinos's trial counsel provided ineffective assistance by failing to object to the prosecution's introduction of Lopez's out-of-court statements.[1] In addition, the state appeals the district court's decision to allow Valdovinos to amend his habeas petition.[2] We have jurisdiction under 28 U.S.C. § 2253.

## II.

---

[1] Valdovinos raises an uncertified issue in his opening brief. We decline to expand the scope of the COA to include the uncertified issue.

[2] The state is not required to obtain a COA before raising an issue on appeal. Fed. R. App. P. 22(b)(3).

We first determine whether the district court erred in staying Valdovinos's petition while he exhausted additional claims in state court and in allowing Valdovinos to amend his habeas petition. We review for abuse of discretion a district court's stay and abeyance of a mixed petition containing both exhausted and unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 279 (2005). We also review for abuse of discretion a district court's decision to allow a habeas petitioner to amend his petition. *Hebner v. McGrath*, 543 F.3d 1133, 1136 (9th Cir. 2008).

In granting the stay and abeyance of Valdivinos's petition, the district court emphasized that Valdovinos had not engaged in dilatory tactics and had no motivation for delay, as he is not a capital defendant. The court also noted that Valdovinos did not bear the blame for omitting the additional evidence rendering his claims unexhausted because he had no knowledge of it due to the misconduct of the prosecution. We hold that the district court did not abuse its discretion in granting the stay in accordance with this reasoning. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005) (opining that a district court would likely abuse its discretion in denying such a stay where "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory tactics").

3

Untimely amendments to an original habeas petition are permissible of they arise "from the same core facts as the timely filed claim" so that they relate back to the original, timely petition. *Mayle v. Felix*, 545 U.S. 644, 657 (2005). The district court concluded that Valdovinos's revised *Brady* claim related back to the *Brady* claim in the original petition and that the amended ineffective assistance of counsel claim arose from the same conduct, transaction, or occurrence as set forth in the original pleading. We agree. We therefore hold that the district court did not abuse its discretion in permitting amendment of the original habeas petition to add newly discovered evidence supporting both the *Brady* and the ineffective assistance of counsel claims.

### III.

In accordance with the standard set forth in AEDPA, a court may grant a writ of habeas corpus only if the state court's ruling:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Schriro v.*

4

*Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

In the event that the state court issues a summary denial of the habeas petition, the petitioner must still meet his burden by showing there was no reasonable basis for the state court to deny relief. *Harrington v. Richter*, 131 S. Ct. 770, 784–85 (2011). We therefore apply § 2254(d) deference to the state court's summary denial of Valdivinos's petition for habeas relief.

**A.**

We first turn to the substance of Valdovino's *Brady* claim. A *Brady* claim is composed of three necessary elements: "(1) [t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching, (2) that evidence must have been suppressed by the State, and (3) prejudice must have ensued." *Jackson v. Brown*, 513 F.3d 1057, 1071 (9th Cir. 2008) (quotations and citation omitted). "To determine whether prejudice exists, we look to the materiality of the suppressed evidence." *Id.*

Here, the suppressed evidence includes the undisclosed photo lineups, the Lopez impeachment information, the anonymous letter, and the photograph of Mongia. The cumulative effect of the suppressed evidence leads us to conclude

that Valdivinos did not receive a fair trial resulting in a verdict worthy of a confidence, that is, that the government committed a *Brady* violation.

Our review of the state court's unexplained denial of the petition, however, is limited by § 2242(d). Thus, we grant the petition only if "the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 131 S. Ct. at 786–87. Although we disagree with the state court's ruling, we cannot conclude that it lacked any reasonable basis to deny relief. The state court could have concluded that the withheld exculpatory evidence did not cast doubt on the outcome of the trial because the evidence pointing to Valdovinos's guilt — the eyewitness' testimony, the similarities between his car and the shooter's car, and the fact that he fled the state immediately after the shooting — was sufficiently strong. That the district court agreed with the state court that no *Brady* violation occurred provides further indication that fairminded jurists can and do disagree as to the merits of this claim. Therefore, despite our conclusion that Valdovinos's *Brady* rights were violated, we cannot hold that he is entitled to habeas relief.

**B.**

6

We now turn to the substance of the ineffective assistance of counsel claim. To prevail on an ineffective assistance of counsel claim, a petitioner must establish: (1) that counsel's performance was deficient, that is, that it fell below an objective standard of reasonableness; and (2) that he was prejudiced by the performance, that is, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

Valdovinos claims his trial counsel provided ineffective assistance by failing to object to pre-trial statements that Lopez made to investigating police, which the prosecution introduced through the testimony of Sergeant Ramirez. The state court concluded that counsel's failure to object to Lopez's out-of-court statement did not prejudice Valdivinos. Because we agree with the district court that Lopez's testimony was internally contradictory and did not strongly incriminate Valdivinos, we conclude that the state court's rejection of this claim was reasonable.

**IV.**

Because the state court's ruling on Valdivino's petition was not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement," he is not entitled to habeas relief. *Harrington*, 131 S. Ct. at 786–87.

7

**AFFIRMED.**