**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCUS DANIEL CHAVARRIA, | No. 10-16234 |
| Petitioner - Appellant, | D.C. No. 3:01-cv-02242-SI |
| v. | |
| JIM HAMLET, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted April 17, 2012
San Francisco, California

Before: GOODWIN, REINHARDT, and MURGUIA, Circuit Judges.

State prisoner Marcus Daniel Chavarria ("Chavarria") appeals the denial of

his petition for a writ of habeas corpus. He claims that California Evidence Code

Section 1109, which provided for the admission at his trial of certain propensity

evidence, violated his rights to due process and equal protection. He also claims

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

that the jury instructions regarding the propensity evidence violated due process, and that his appellate counsel was ineffective in failing to raise this issue in his direct appeal from his conviction. We affirm.

The California Court of Appeal rejected Chavarria's due process and equal protection challenges to Section 1109 on the merits.[1] The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) therefore precludes federal habeas relief unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Because the Supreme Court has expressly left open the question of whether a state law permitting the introduction of propensity evidence would violate due process, *see Estelle v. McGuire*, 502 U.S. 62, 75 n.5 (1991), the state court's decision rejecting Chavarria's due process challenge to Section 1109 cannot have been contrary to, or an unreasonable application of, clearly established law. *See Alberni v. McDaniel*, 458 F.3d 860, 866 (9th Cir. 2006). Furthermore, we have upheld the constitutionality of an equivalent Federal Rule of Evidence permitting the

---

[1] To the extent that Chavarria now asserts that he challenges Section 1109 as applied in his case, this claim was not raised before the state court or the district court, and is therefore not cognizable on appeal. *See Belgrade v. Montana*, 123 F.3d 1210, 1216 (9th Cir. 1997).

introduction of propensity evidence. *See United States v. LeMay*, 260 F.3d 1018, 1025-26, 1030-31 (9th Cir. 2001) (rejecting due process and equal protection challenges to Federal Rule of Evidence 414). We cannot now hold to be unreasonable a state court decision that reached the same result based on the same reasoning.

The district court dismissed Chavarria's jury instruction and ineffective assistance of appellate counsel claims as untimely, concluding that these claims, which were first raised in federal court well after the statute of limitations imposed by AEDPA had run, did not "relate back" to Chavarria's original petition. We agree with the district court that Chavarria's case is indistinguishable from that of the petitioner in *Hebner v. McGrath*, 543 F.3d 1133 (9th Cir. 2008). *Hebner* compels us to conclude that Chavarria's Section 1109 claims "do not share a common core of operative fact" with his jury instruction and ineffective assistance of appellate counsel claims. *Id.* at 1139. Because these later-asserted claims do not therefore "relate back" to those in Chavarria's original petition, they are barred by AEDPA's statute of limitations.

**AFFIRMED.**

3