**NOT FOR PUBLICATION**

FILED

AUG 15 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SLIM MANAI,<br><br>　　　　　Petitioner-Appellant,<br><br>v.<br><br>ELVIN VALENZUELA, Warden,<br><br>　　　　　Respondent-Appellee. | No.　15-16000<br><br>D.C. No. 3:12-cv-04399-CRB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted August 11, 2016[**]
San Francisco, California

Before: GRABER and McKEOWN, Circuit Judges, and PETERSON,[***] District
Judge.

---

　　　[*]　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

　　　[**]　The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

　　　[***]　The Honorable Rosanna Malouf Peterson, United States District Judge
for the Eastern District of Washington, sitting by designation.

In 2007, a California jury convicted Slim Manai of first degree burglary, forcible oral copulation, sexual battery, assault with a deadly weapon, and criminal threats. The trial court precluded Manai from cross-examining his two victims, Suzy and Claudia, about whether they were romantically involved and excluded a third witness's testimony on the same topic under California's rape shield law, Cal. Evid. Code § 782. The California Court of Appeal affirmed the trial court's evidentiary rulings, and the California Supreme Court summarily denied review. Manai then filed a habeas petition in federal district court, alleging that the trial court's evidentiary rulings violated both his Sixth Amendment right to confront his accusers and his Due Process right to present a complete defense. The district court denied the petition. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, we review de novo, *Hebner v. McGrath*, 543 F.3d 1133, 1136 (9th Cir. 2008), and we affirm.

The Anti-Terrorism and Effective Death Penalty Act of 1996 governs our review of Manai's petition. We can grant relief only if the last reasoned state court decision—here, the order by the California Court of Appeal—"resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the

2

facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The California Court of Appeal rejected Manai's arguments, concluding that the trial court's rulings did not violate the Confrontation Clause or the Due Process Clause. Instead, it determined that the trial court "was well within its discretion" in finding that the "probative value [of the excluded evidence] was outweighed by the probability of undue prejudice or the undue consumption of trial time." This conclusion is not contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court. 28 U.S.C. § 2254(d)(1); *see Delaware v. Van Arsdall*, 475 U.S. 673, 679–80 (1986) (holding that, to establish a violation of the Confrontation Clause, the petitioner must show that "[a] reasonable jury might have received a significantly different impression of [the witness's] credibility had respondent's counsel been permitted to pursue his proposed line of cross-examination," and recognizing that "trial judges retain wide latitude" to limit cross-examination "based on concerns about . . . harassment, prejudice, [or] confusion of the issues"); *Chambers v. Mississippi*, 410 U.S. 284, 294–95 (1973) (due process includes the "rights to confront and cross-examine witnesses and to call witnesses in one's own behalf," but these rights are "not absolute and may, in appropriate cases, bow to accommodate other legitimate interests in the criminal

3

trial process").[1]  Nor was the ruling "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).

On de novo review, we agree with the California Court of Appeal that any error, if it existed, would have been harmless.  *See Brecht v. Abrahamson*, 507 U.S. 619, 627, 637 (1993).  The jury heard extensive testimony from both Suzy and Claudia.  It saw photographs of the victims' injuries that corroborated that testimony, listened to the 911 call the victims made immediately after Manai left them, and heard testimony from a woman whom Manai had previously raped during a home invasion.  The defense was able to elicit testimony showing that Suzy and Claudia were unusually close, which supported Manai's theory of bias even absent testimony that his victims had a sexual relationship.  *See Merolillo v. Yates*, 663 F.3d 444, 455 (9th Cir. 2011) (discussing non-exclusive factors for determining prejudice in context of alleged Confrontation Clause violation).

**AFFIRMED.**

---

[1] Manai argues that the California Court of Appeal focused on the credibility of the victims, "rather than the potential effect of the precluded cross-examination on the jury's impression of their credibility," and that its decision was therefore contrary to Supreme Court precedent.  We do not read the California Court of Appeal's decision in this manner and, in any event, the court reasonably concluded that there was a danger the excluded testimony would have a prejudicial effect on the jury.