**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 19 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BERT JUAREZ, | No. 19-55236 |
| Petitioner-Appellant, | D.C. No. 2:12-cv-02149-JLS-RAO |
| v. | |
| P. D. BRAZELTON, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted January 14, 2021[**]
Pasadena, California

Before: CALLAHAN and WATFORD, Circuit Judges, and RAKOFF,[***] District Judge.

Bert Juarez appeals from the district court's denial of his federal habeas petition, in which he challenges various state court convictions. We granted a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

certificate of appealability limited to "whether the district court properly determined that appellant's newly exhausted claims were untimely, including whether those claims relate back to his original 28 U.S.C. § 2254 petition." We affirm.

The district court correctly held that the newly exhausted claims asserted in Juarez's amended habeas petition were untimely. Juarez filed his original federal habeas petition on March 14, 2012, which meant he had only one day remaining before the statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA) expired. *See* 28 U.S.C. § 2244(d)(1). Even if Juarez was entitled to tolling for the entire period between the filing and denial of his state habeas petitions, AEDPA's limitations period would have been tolled only until February 13, 2014. Because Juarez did not file his amended petition until April 2, 2014, the newly exhausted claims he included in the amended petition were untimely unless they relate back to the claims asserted in his original, timely filed petition.

The district court correctly held that the newly exhausted claims do not relate back to the claims asserted in the original petition. A new claim relates back "only when it arises from the same core of operative facts as a claim contained in the original petition." *Hebner v. McGrath*, 543 F.3d 1133, 1134 (9th Cir. 2008). Here, Juarez's new claims are ineffective-assistance-of-counsel claims involving

sufficiency of the evidence and the erroneous calling of witnesses at trial. Those claims do not share the same core of operative facts as the claims involving instructional errors asserted in the original petition. *See id.* at 1138–39. Juarez argues that the newly exhausted claims in his amended petition must relate back because he included those identical claims in unexhausted form in the original petition, but we have previously rejected that very argument. *See King v. Ryan*, 564 F.3d 1133, 1135, 1142–43 (9th Cir. 2009).

Juarez also contends that the district court should have granted his request for a stay under *Rhines v. Weber*, 544 U.S. 269 (2005), because he had good cause for his failure to exhaust. We decline to address this issue because it falls outside the scope of the certificate of appealability and Juarez has failed to make a "substantial showing of the denial of a constitutional right" to justify expanding the certificate of appealability. *See Hiivala v. Wood*, 195 F.3d 1098, 1104 (9th Cir. 1999) (per curiam) (quoting 28 U.S.C. § 2253(c)(2)).

**AFFIRMED.**