**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FERNANDO SEGOVIANO ALMANZA, | No. 20-16019 |
| Petitioner-Appellant, | D.C. No. 2:15-cv-02064-DLR |
| v. | |
| DAVID SHINN, Director, Director of the Arizona Department of Corrections; ATTORNEY GENERAL FOR THE STATE OF ARIZONA, | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Argued and Submitted February 9, 2022
Phoenix, Arizona

Before: MURGUIA, Chief Judge, GRABER, Circuit Judge, and FITZWATER,[**] District Judge. Concurrence by Chief Judge MURGUIA.

Arizona prisoner Fernando Segoviano Almanza ("Almanza") appeals the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

dismissal of his 28 U.S.C. § 2254 amended habeas petition as timed-barred and procedurally defaulted. This court granted a certificate of appealability on two issues. We have jurisdiction under 28 U.S.C. § 2253. We affirm in part, reverse in part, and remand.

We review *de novo* the dismissal of a habeas petition under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") as time-barred. *See Noble v. Adams*, 676 F.3d 1180, 1181 (9th Cir. 2012). "If the facts underlying a claim for equitable tolling are undisputed, the question of whether the statute of limitations should be equitably tolled is . . . reviewed de novo. Otherwise, findings of fact made by the district court are to be reviewed for clear error." *Stancle v. Clay*, 692 F.3d 948, 953 (9th Cir. 2012) (ellipsis in original) (quoting *Bills v. Clark*, 628 F.3d 1092, 1096 (9th Cir. 2010)). The petitioner has the burden of establishing that he is entitled to tolling of the AEDPA limitations period. *Id.* We review *de novo* both the district court's application of the relation-back doctrine under Federal Rule of Civil Procedure 15(c), *Schneider v. McDaniel*, 674 F.3d 1144, 1148–49 (9th Cir. 2012), and the district court's dismissal of a § 2254 habeas petition based on procedural default, *Griffin v. Johnson*, 350 F.3d 956, 960 (9th Cir. 2003).

It is undisputed that Almanza, proceeding *pro se*, filed an original habeas petition within AEDPA's one-year limitations period. Ground three of the original

petition alleged facts related to the ineffectiveness of his trial counsel. Later, represented by counsel, Almanza filed the instant untimely amended habeas petition. The amended petition raised, *inter alia*, claims of ineffective assistance of trial counsel, ineffective assistance of appellate counsel, and prosecutorial misconduct. The district court dismissed these claims as untimely and, alternatively, as procedurally defaulted. This court granted a certificate of appealability on two issues: (1) whether the additional claims raised in Almanza's amended habeas petition are timely, either because Almanza is entitled to equitable tolling or because the claims relate back to his original petition; and (2) if the claims raised in the amended petition are timely, whether these claims are procedurally defaulted with no cause and prejudice established to excuse the default.

1. The district court correctly held that Almanza is not entitled to equitable tolling. He has not demonstrated that extraordinary circumstances prevented him from timely filing his amended habeas petition. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Indeed, his original petition, filed *pro se*, was timely.

2. The district court erred by holding that the ineffective assistance of trial counsel claim asserted in Almanza's amended petition is untimely, because the claim relates back to ground three of his timely original habeas petition. *See Hebner v. McGrath*, 543 F.3d 1133, 1134 (9th Cir. 2008) ("[A] new claim in an amended

- 3 -

petition relates back to avoid a limitations bar, when the limitations period has run in the meantime, only when it arises from the same core of operative facts as a claim contained in the original petition.").

3. The district court erred by holding that Almanza's ineffective assistance of trial counsel claim is procedurally defaulted, because the procedural default is excused under *Martinez v. Ryan*, 566 U.S. 1 (2012). To excuse a procedural default under *Martinez*, a petitioner must show the following:

> (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

*Trevino v. Thaler*, 569 U.S. 413, 423 (2013) (alteration in original) (emphasis omitted) (quoting *Martinez*, 566 U.S. at 13–18).

It is undisputed that elements three and four are satisfied because, in Arizona, state post-conviction relief ("PCR") proceedings are the "initial review proceedings" for claims of ineffective assistance of trial counsel, and Almanza was required to bring his ineffective assistance of trial counsel claim in his initial PCR proceeding. *See* Ariz. R. Crim. P. 32.4(a) (2014) (requiring that a defendant file notice within 30 days

of the issuance of the mandate by the appellate court or the claims are defaulted); *State v. Spreitz*, 39 P.3d 525, 527 (Ariz. 2002) (holding that, under Arizona law, appellate courts do not consider any ineffective assistance of counsel claims on direct appeal). And Almanza has demonstrated cause under element two because he was not represented by counsel during the period during which he could have filed a timely state PCR notice.

Almanza has also satisfied the first element: he has established that his ineffective assistance of trial counsel claim is "substantial." His argument that his trial counsel was ineffective for failing to impeach, or otherwise object to, the false testimony of the prosecution's key witness has "some merit" and is not "wholly without factual support." *Martinez*, 566 U.S. at 14, 16.

4. The district court did not err by dismissing as untimely Almanza's ineffective assistance of appellate counsel and prosecutorial misconduct claims, which were first asserted in his amended petition. As noted, Almanza is not entitled to equitable tolling, and these claims do not relate back to his original petition.

**AFFIRMED in part, REVERSED in part, and REMANDED. The parties shall bear their own costs on appeal.**

*Almanza v. Shinn*, No. 20-16019

Murguia, Chief Judge, concurring in the judgment:

I write separately to discuss the facts of this case as they relate to equitable tolling. We are presented with the rather novel issue of whether the claims raised in Fernando Segoviano Almanza's ("Almanza") amended habeas petition, filed by counsel nearly three years after his timely original *pro se* petition, should be equitably tolled. I join the majority in holding that the ineffective assistance of trial counsel claim in the amended petition relates back to a claim raised in the original petition, rendering the amended claim timely. I also agree that the ineffective assistance of appellate counsel and prosecutorial misconduct claims raised in the amended petition—claims central to Almanza's argument that his petition warrants habeas relief—are unfortunately untimely because Almanza fails to present evidence sufficient to demonstrate that he is entitled to equitable tolling.

"[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some *extraordinary circumstance* stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (emphasis added) (quotation marks omitted).

Here, Almanza alleges a domino effect: his state court appellate counsel on direct review informed him by letter in English that the Arizona Court of Appeals had affirmed his conviction and sentence, concluding her representation.

Almanza—who was initially placed in restrictive housing due to the nature of his offense—could not read the letter because he is illiterate, and in any event, he could not understand the letter because it was written in English; Almanza speaks Spanish. A cellmate did translate the letter for Almanza, but because he was not immediately aware of any other forms of legal recourse, Almanza filed an untimely notice for Post-Conviction Relief ("PCR"). Almanza claims that the untimely PCR notice and subsequent state court proceedings resulting from this deficiency affected his ability to file a fulsome pro se habeas petition in federal court. He also alleges that he was periodically denied assistance from Arizona Department of Corrections, Rehabilitation & Reentry ("ADCRR") paralegals, whose service is granted to inmates who are illiterate and non-English speaking.

This court has previously recognized that non-English speaking individuals seeking equitable tolling may demonstrate extraordinary circumstances when unable to obtain adequate legal assistance in their primary language. *See, e.g.*, *Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006) ("[W]e conclude that a non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source.").

The issue here is that Almanza's appellate attorney satisfied her duty of notifying him that his appeal had concluded, ending her representation. *See Gibbs v. Legrand*, 767 F.3d 879, 886 (9th Cir. 2014) ("Failure to inform a client that his case has been decided, particularly where that decision implicates the client's ability to bring further proceedings *and* the attorney has committed himself to informing his client of such a development," can constitute the extraordinary circumstance of attorney abandonment) (emphasis in original). And even though counsel did so in English, Almanza fails to demonstrate how his cellmate's translation was deficient; even *Mendoza* recognizes translation assistance from fellow inmates. *See Mendoza*, 449 F.3d at 1070. Finally, there exists no record support for Almanza's allegation that he was denied translation and paralegal assistance from the ADCRR. To the contrary, the record demonstrates that Almanza *did* receive such assistance to timely file his original habeas petition.

This is not to say that Almanza's arguments are unworthy of consideration. Almanza is, after all, a Spanish-speaking person who is also illiterate, and who was placed in restrictive housing for months while his AEDPA statute of limitations continued to run. But without record support for his arguments that the translation and legal services he received were deficient—a particularly difficult hurdle for someone of his limitations—Almanza fails to sufficiently demonstrate that "extraordinary circumstances" prevented the timely filing of his habeas petition.

3