**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DEL BANJO,
           *Petitioner-Appellant,*

           v.

ROBERT L. AYERS, JR., Warden,
San Quentin Prison,
           *Respondent-Appellee.*

No. 08-56512

D.C. No.
2:07-cv-02142-
GHK-RC

OPINION

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Argued and Submitted
May 6, 2010—Pasadena, California

Filed June 17, 2010

Before: Diarmuid F. O'Scannlain and Richard C. Tallman,
Circuit Judges, and Frederic Block, District Judge.*

Opinion by Judge Tallman

---

*The Honorable Frederic Block, Senior United States District Judge for
the Eastern District of New York, sitting by designation.

## COUNSEL

Dennis A. Fischer (argued) and John M. Bishop, Santa Monica, California, for petitioner-appellant Del Banjo.

Edmund G. Brown Jr., Attorney General of California, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Senior Assistant Attorney General, Xiomara Costello, Supervising Deputy Attorney General, and Daniel C. Chang, Deputy Attorney General (argued), Los Angeles, California, for respondent-appellee Robert L. Ayers, Jr., Warden, San Quentin Prison.

## OPINION

TALLMAN, Circuit Judge:

Petitioner-Appellant Del Banjo, a California prisoner, appeals an order dismissing his federal habeas corpus petition as untimely pursuant to 28 U.S.C. § 2244(d). The district court determined that Banjo's state court petition for habeas corpus was no longer "pending" during the five-month period between the dismissal of his original petition in the Los Angeles County Superior Court and the filing of a successive petition in the same court, resulting in the expiration of his time to bring a federal habeas petition. Banjo argues that, pursuant to California law, his successive petition was timely, because the fact that he was seeking new evidence to support his claims explained and justified the delay. Thus, he contends that the federal habeas statute of limitation should toll. We disagree, and affirm the district court.

### I

On July 13, 2000, Banjo was convicted by a Los Angeles County jury of one count of kidnapping with the intent to

commit rape and/or sodomy and one count of sodomy. He was sentenced to prison for twenty-five years to life on January 8, 2001. He appealed to the California Court of Appeal and California Supreme Court without success.

Banjo then began his state habeas proceedings. On December 30, 2003, he filed his first petition in the Los Angeles County Superior Court, requesting relief on three grounds. The superior court issued an order to show cause on one claim, denying relief on the others. The court ultimately held an evidentiary hearing on Banjo's claim, but denied the petition on January 28, 2005, after finding Banjo's key witness not credible. On February 10, 2005, Banjo's motion to reconsider was likewise denied.

Almost five months later, on July 6, 2005, Banjo filed a second petition for a writ of habeas corpus in the Los Angeles County Superior Court. In this petition, Banjo brought the same three claims he had alleged in the first petition, but appended declarations from five new witnesses. The declarations were offered to corroborate the evidence and independently establish the factual allegations that Banjo had raised at the first hearing.

The court denied Banjo's second petition on July 27, 2005, in part because Banjo failed to exercise due diligence in locating the new witnesses. The court observed that the petition "relie[d] upon declaration[s] by people who live in the Southern California area and have been available for investigation, interview and testimony at all relevant times. These are matters that could have been and should have been presented during the extensive proceedings on the first habeas petition."

Banjo next filed a habeas petition in the California Court of Appeal on September 29, 2005. On April 11, 2006, the court denied that petition without comment. Banjo then filed his last state habeas petition on May 18, 2006, before the California

Supreme Court. That petition was summarily denied on March 21, 2007.

Banjo then moved to federal court. He filed a petition for a writ of habeas corpus in the Central District of California on April 2, 2007. California's motion to dismiss the federal petition as untimely was granted. This appeal timely followed.

## II

The sole issue on appeal is whether the district court erred in determining Banjo's petition was untimely. We review that question de novo. *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir. 1999). Banjo bears the burden of proving that the statute of limitation was tolled. *Smith v. Duncan,* 297 F.3d 809, 814 (9th Cir. 2002), *abrogated on other grounds by Pace v. DiGuglielmo,* 544 U.S. 408 (2005). We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(c), and we affirm.

## III

### A

**[1]** The Antiterrorism and Effective Death Penalty Act of 1996 sets a one-year statute of limitation on habeas corpus petitions filed by state prisoners. 28 U.S.C. § 2244(d); *Evans v. Chavis*, 546 U.S. 189, 191 (2006); *Waldrip v. Hall,* 548 F.3d 729, 734 (9th Cir. 2008). The one-year period begins to run when the state prisoner's conviction becomes final.[1] 28 U.S.C. § 2244(d)(1)(A). This one-year limitation period tolls, however, while the prisoner's "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

---

[1]While there are other triggers for starting the running of the statute of limitation, 28 U.S.C. § 2244(d)(1)(B)-(D), none is relevant here.

**[2]** Post-conviction review is "pending," and thus the statute of limitation tolls, while a prisoner is pursuing a full round of habeas relief in the state court. *Carey v. Saffold,* 536 U.S. 214, 219-21 (2002); *Delhomme v. Ramirez,* 340 F.3d 817, 819-20 (9th Cir. 2003), *abrogated on other grounds by Chavis,* 546 U.S. 189. The period in which a habeas petition is pending includes the time between a lower court's adverse ruling and the prisoner's filing of a notice of appeal, so long as the filing comports with state law timeliness requirements. *Chavis,* 546 U.S. at 191. An untimely petition, however, is not "properly filed" pursuant to 28 U.S.C. § 2244(d)(2), and so it does not toll the statute of limitation. *Pace,* 544 U.S. at 410; *Thorson v. Palmer,* 479 F.3d 643, 645 (9th Cir. 2007).

**[3]** Under California's unusual system of independent collateral review, a prisoner seeks review of a lower court's denial of relief by filing an original petition for habeas corpus in the reviewing court. *Chavis,* 546 U.S. at 192-93; *Waldrip,* 548 F.3d at 734. The period between a California lower court's denial of review and the filing of an original petition in a higher court is tolled—because it is part of a single round of habeas relief—so long as the filing is timely under California law. *Chavis,* 546 U.S. at 191-93; *Waldrip,* 548 F.3d at 734.

**[4]** A California petition is timely filed if it is filed within a "reasonable time." *Chavis,* 546 U.S. at 192-93; *Waldrip,* 548 F.3d at 734. California has not provided guidance as to what constitutes a "reasonable time." *Chavis,* 546 U.S. at 198; *Waldrip,* 548 F.3d at 734. In the absence of clear direction from the California courts, either in a particular case or in general, we must determine whether the petition at issue was filed within a "reasonable time." *Chavis,* 546 U.S. at 198. We cannot infer from a decision on the merits, or a decision without explanation, that the California court concluded that the petition was timely. *Id.* at 194 (citing *Saffold,* 536 U.S. at 225-26). A California court's determination that a filing was untimely, however, is dispositive. *Saffold*, 536 U.S. at 226

("If the California Supreme Court had clearly ruled that Saffold's 4½-month delay was 'unreasonable,' that would be the end of the matter . . . .").

**[5]** Only the time period during which a round of habeas review is pending tolls the statute of limitation; periods between different rounds of collateral attack are not tolled. *Biggs v. Duncan,* 339 F.3d 1045, 1048 (9th Cir. 2003). We employ a two-part test to determine whether the period between the denial of one petition and the filing of a second petition should be tolled. *Hemmerle v. Schriro,* 495 F.3d 1069, 1075 (9th Cir. 2007); *King v. Roe,* 340 F.3d 821, 823 (9th Cir. 2003), *abrogated on other grounds by Chavis,* 546 U.S. 189. "First, we ask whether the petitioner's subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition." *King*, 340 F.3d at 823. If the petitions are not related, then the subsequent petition constitutes a new round of collateral attack, and the time between them is not tolled. *Hemmerle,* 495 F.3d at 1075; *King,* 340 F.3d at 823. If the successive petition was attempting to correct deficiencies of a prior petition, however, then the prisoner is still making "proper use of state court procedures," and habeas review is still pending. *King,* 340 F.3d at 823 (quoting *Nino v. Galaza,* 183 F.3d 1003, 1006 (9th Cir. 1999)); *Hemmerle,* 495 F.3d at 1075. Second, if the successive petition was not timely filed, the period between the petitions is not tolled. *Hemmerle,* 495 F.3d at 1075; *King,* 340 F.3d at 823.

**B**

**[6]** Banjo's conviction was affirmed by the California Court of Appeal, and the California Supreme Court denied review on October 16, 2002. Because Banjo did not petition for certiorari, his conviction became final ninety days later, on January 14, 2003. Sup. Ct. R. 13; *Brambles v. Duncan,* 412 F.3d 1066, 1069 (9th Cir. 2005) (citing *Bowen v. Roe,* 188 F.3d 1157, 1158-59 (9th Cir. 1999)). Banjo did not file a federal petition for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2254 until April 2, 2007, more than four years later. Accordingly, absent statutory tolling under 28 U.S.C. § 2244(d)(2), Banjo's petition was untimely.

On December 30, 2003, Banjo filed his first petition for a writ of habeas corpus in Los Angeles County Superior Court. At that point, he had used 350 days of his one-year federal time limit to file a petition in district court. That petition was denied on January 28, 2005, after the superior court found Banjo's witness in support of his claim not credible. Banjo filed a motion for reconsideration on February 4, 2005, which was denied six days later on February 10. One hundred forty-six days later, on July 6, 2005, Banjo filed a successive petition in the superior court, raising the same claims as his first petition, but attaching what he claimed was newly discovered evidence. The superior court denied the petition on July 27, 2005. Sixty-four days later, on September 29, 2005, Banjo filed an original habeas corpus petition in the California Court of Appeal, again alleging the same claims; it was denied on April 11, 2006. On May 18, 2006, Banjo filed another original habeas corpus petition, again alleging the same claims, this time in the California Supreme Court, which denied relief on March 21, 2007.

As the district court concluded, "[i]t is clear that the statute of limitations was tolled from the filing of the First Superior Court Petition until the motion for reconsideration was denied on February 10, 2005." California does not argue otherwise.[2] The first question we must address, then, is whether Banjo's successive petition in the superior court meets the requirements of *King*, such that the interval between the denial of Banjo's first petition and the filing of his second in the Los Angeles County Superior Court is tolled.

---

[2]California does quibble that the time between the denial of Banjo's first petition and the filing of his motion for reconsideration should not be tolled. In light of our holding that Banjo's 146-day delay was not reasonable, and that Banjo's time for filing a federal petition would have elapsed during this period, we do not address the earlier seven-day delay.

The parties dispute both whether Banjo's successive petition started a "new round" and whether the successive petition is timely. Because we conclude that Banjo's petition is not timely under the second prong of *King*, we need not determine whether the petition was a continuation of the first or the start of a second round.

The second part of the *King* analysis examines whether a successive petition was timely filed under state law. As discussed above, the standard for whether a petition was timely filed under California law is whether the petition was filed within a reasonable time.

Here, the superior court did not make a determination that Banjo's second petition was untimely. Rather, the court—treating the second petition as a motion for a new trial—found that the new evidence could with reasonable diligence have been discovered earlier, and thus denied relief. California law provides that a new trial may be granted on the basis of new evidence, unless that evidence could have been found prior to trial in the exercise of reasonable diligence. Cal. Penal Code § 1181(8); *People v. Martinez,* 685 P.2d 1203, 1205 (Cal. 1984). Thus, while the superior court rejected the petition, it did not explicitly reject it as untimely filed. *See Artuz v. Bennett,* 531 U.S. 4, 10-11 (2000) (distinguishing between timeliness, which is a condition to filing, and procedural bars, which are conditions to relief); *but cf. Saffold v. Newland*, 250 F.3d 1262, 1266-67 (9th Cir. 2000) (assuming that a California habeas petition denied "for lack of diligence" was a dismissal for untimeliness), *overruled on other grounds by Saffold*, 536 U.S. 214.

**[7]** The state court's failure to explicitly decide whether a petition was untimely filed does not end our analysis. *Chavis,* 546 U.S. at 194, 197; *Saffold,* 536 U.S. at 225-26. We must instead engage in an inquiry as to whether California courts would have deemed the petition filed within a reasonable

time. *Chavis,* 546 U.S. at 198. Here, they plainly would not have.

**[8]** The Supreme Court has previously opined that California courts would not consider an unjustified and unexplained six-month delay "reasonable." *Id.* at 201. Further, the Court has permitted interval tolling under California's unusual system of habeas petitions and imprecise time limits on the assumption "that California's 'reasonable time' standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules." *Id.* at 199-200 (citing *Saffold*, 536 U.S. at 222-23). *Chavis* presumed a 30- or 60-day delay would be the norm in most states, 546 U.S. at 193, 201; *Saffold* only 30 to 45 days, 536 U.S. at 222. Banjo waited 146 days. We cannot conclude that such a delay is reasonable, nor is it consistent with the short periods of time permitted by most states and envisioned by the Supreme Court in reaching its decisions in *Saffold* and *Chavis*.

**[9]** Banjo counters that the California Supreme Court has held that a successive habeas petition will be considered on the merits if the prisoner explains and justifies the failure to present the claims in a timely manner as part of a prior petition. *In re Clark,* 855 P.2d 729, 745 (Cal. 1993). He contends that he met this standard, because he was continuing to develop evidence that would support a claim that was initially rejected for lack of evidence. But California law requires that, in "assessing a petitioner's explanation and justification for delayed presentations of claims," a court "consider whether the facts on which the claim is based, although only recently discovered, could and should have been discovered earlier. A petitioner will be expected to demonstrate due diligence in pursuing potential claims." *Id.* at 745.

**[10]** In rejecting Banjo's second habeas petition, the superior court found that Banjo's newly discovered evidence "could have been and should have been discovered and produced" earlier; indeed, it cites the same general section of *In*

*re Clark*. If the evidence sought during the nearly five-month delay between the denial of the first petition and the filing of the second was evidence that should have been discovered earlier in the exercise of due diligence, the delay cannot be deemed justifiable. A California court would not have found this delay reasonable.

**[11]** We hold that Banjo's filing of his successive petition was not timely.

## C

**[12]** Banjo alternatively argues that the period between the denial of his first petition and his filing of an original petition in the California Court of Appeal, as contemplated under state law, was not an unreasonable delay. The first superior court petition was denied on February 10, 2005, and the petition to the Court of Appeal was filed more than seven months later, on September 29, 2005. If the delay between the filing of the first and second superior court petitions was not reasonable, this even longer period cannot be either. We hold that the petition to the California Court of Appeal was not timely filed.

## IV

**[13]** At the time the first habeas petition was denied by the superior court, Banjo had only fifteen days remaining of his one-year time limit to file a federal habeas petition. Because he did not timely file either the second petition with the superior court or the petition in the Court of Appeal, his petition was not "pending," and he is not entitled to interval tolling. The statute of limitation thus ran on February 25, 2005, well before Banjo filed his federal petition. The district court did not err in dismissing the petition as untimely.

**AFFIRMED.**