**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESUS ORNELAS DIAZ, | No. 09-15373 |
| Petitioner - Appellant, | D.C. No. 5:06-cv-06370-RMW |
| v. | MEMORANDUM[*] |
| ROSEANNE CAMPBELL, | |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

Submitted January 10, 2011[**]

Before:    BEEZER, TALLMAN, and CALLAHAN Circuit Judges.

California state prisoner Jesus Ornelas Diaz appeals from the district court's

judgment dismissing his 28 U.S.C. § 2254 habeas petition as untimely. We have

jurisdiction under 28 U.S.C. § 2253, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Diaz contends that the district court erred in dismissing his petition as untimely. He relies on *Mendoza v. Carey*, 449 F.3d 1065 (9th Cir. 2006), to argue that he is entitled to equitable tolling because he did not have access to Spanish language materials or bilingual assistance. However, he fails to sufficiently "demonstrate that during the running of the AEDPA time limitations, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source" which could constitute grounds for equitable tolling. *See Mendoza*, 449 F.3d at 1068-70 (recognizing "that equitable tolling may be justified if language barriers *actually prevent* timely filing") (italics added).

In a related claim, Diaz contends that the statute of limitations did not begin until a state-created impediment was removed. However, the record shows that Diaz was able to file two state habeas petitions. *See Ramirez v. Yates*, 571 F.3d 993, 1000-1001 (9th Cir. 2009) (relief under 28 U.S.C. § 2244(d)(1)(B) available only if impediment prevented any filing in any court).

Finally, Diaz contends that he is entitled to gap tolling for the periods between his filings in the state courts. Diaz has failed to demonstrate that he filed his petitions within a reasonable time, such that they were "*pending*" pursuant to 28 U.S.C. § 2244(d)(2). *See Banjo v. Ayers*, 614 F.3d 964, 968 (9th Cir. 2010).

Diaz's request for an evidentiary hearing and oral arguments are denied.

**AFFIRMED.**