**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

WILBERT NOBLE,
      *Petitioner-Appellant,*

v.

DARREL G. ADAMS, Warden,
      *Respondent-Appellee.*

No. 08-17655

D.C. No.
5:06-cv-07114-
RMW

OPINION

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, Senior District Judge, Presiding

Argued and Submitted
March 13, 2012—San Francisco, California

Filed April 19, 2012

Before: J. Clifford Wallace, Dorothy W. Nelson, and
Carlos T. Bea, Circuit Judges.

Opinion by Judge Wallace

## COUNSEL

J. Bradley O'Connell, Assistant Director, First District Appellate Project, San Francisco, California, for the petitioner-appellant.

Pamela K. Critchfield, Deputy Attorney General, San Francisco, California, for the respondent-appellee.

**OPINION**

WALLACE, Senior Circuit Judge:

Noble, a prisoner of the State of California, appeals from the denial of his petition for a writ of habeas corpus. We review de novo the denial of a petition for a writ of habeas corpus on statute-of-limitations grounds. *Delhomme v. Ramirez*, 340 F.3d 817, 819 (9th Cir. 2003). We have jurisdiction under 28 U.S.C. § 2253, and we vacate and remand for further proceedings.

I.

Following a jury trial in California Superior Court, Noble was found guilty of one count of aggravated sexual assault of a child under 14, forcible oral copulation, three counts of lewd act on a child under 14, and one count of false imprisonment. The superior court imposed an aggregate prison sentence of 130 years to life. The California Court of Appeal upheld Noble's conviction and sentence and the California Supreme Court denied his petition for review on direct appeal. The conviction and sentence became final for purposes of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) on July 20, 2004, when the time to petition for certiorari to the United States Supreme Court expired. *See* 28 U.S.C. § 2244(d)(1)(A).

On June 23, 2005, Noble mailed a petition for a writ of habeas corpus to the California Superior Court for Santa Clara County. The superior court denied Noble's petition on July 25, 2005, on the grounds that several of Noble's claims were procedurally barred because they could have been raised on direct appeal and others failed to state a prima facie case for relief.

On September 8, 2005, Noble mailed a second petition for a writ of habeas corpus to the same superior court. Noble's

second petition re-alleged the same substantive claims as the first petition, but also added a claim that Noble's prior appellate counsel had rendered ineffective assistance by failing to raise those claims on direct appeal. The second petition also added a claim for "cumulative prejudice." On October 28, 2005, the superior court denied the second petition because the claims were duplicative of Noble's prior petition and because Noble presented claims in a piecemeal fashion.

On December 8, 2005, Noble mailed a petition for a writ of habeas corpus to the California Court of Appeal raising the same claims as the prior petitions. The court of appeal summarily denied the petition on February 1, 2006.

On February 15, 2006, Noble mailed a petition for a writ of habeas corpus raising the same claims as the prior petitions to the California Supreme Court. The Supreme Court summarily denied the petition on October 18, 2006.

Noble mailed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to the United States District Court for the Northern District of California on October 26, 2006. The district court dismissed the petition as untimely, and we granted a certificate of appealability.

## II.

[1] Under the AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Noble's one year began running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Section 2244(d)(1)(A). However, "[t]he time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward

any period of limitation under this subsection." Section 2244(d)(2).

**[2]** We apply the "mailbox rule" in determining whether Noble's petitions were timely. "Under the 'mailbox rule,' a pro se prisoner's filing of a state habeas petition is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of the court." *Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). Noble mailed his first application for state collateral review twenty-seven days before the expiration of the limitations period. He mailed his petition to the district court eight days after the denial of his petition by the California Supreme Court. Therefore, if the limitations period was tolled for the entire period between the date Noble mailed his first state petition and the date the California Supreme Court denied his last petition, then his federal petition was timely. However, if the gaps between his petitions in the state court are not tolled, then his federal petition was untimely.

**[3]** The district court concluded that Noble was not entitled to tolling under 28 U.S.C. § 2244(d)(2) of the gap between the denial of his first petition in the California Superior Court and the filing of a second petition in the same court. The district court also held that the gap between the denial of his first petition and the filing of a petition in the California Court of Appeal could not be tolled because Noble's first petition was no longer pending when he filed the petition in the court of appeal. The district court erred in concluding, without further analysis of California law, that Noble's first petition was no longer pending when he filed his petition in the court of appeal. Therefore, we vacate and remand for a determination of whether, under California law, Noble filed his petition in the court of appeal within a reasonable time after the denial of his first petition by the superior court.

## III.

**[4]** A petition that has been denied by a trial court remains pending until it is either resolved by a higher court or until the

time to appeal expires. *See Carey v. Saffold,* 536 U.S. 214, 219-20 (2002) ("[A]n application is pending as long as the ordinary state collateral review process is 'in continuance' *i.e.*, 'until the completion of' that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.' " (quoting Webster's Third New International Dictionary 1669 (1993))). Because of California's unique system for appellate review of habeas corpus petitions, which does not provide a determinate time-frame for appealing the decision of a lower court, a petition that has been denied by a lower court remains pending if the petitioner files a new petition in a higher court within a reasonable time of the petition's denial. *See id.* at 222-23. Noble filed his petition in the California Court of Appeal approximately four and a half months after the denial of his first state petition in the superior court. If this delay was reasonable under California law, then his first petition remained pending during that period.

**[5]** The Warden argues that Noble abandoned his right to seek review of his first petition by filing a second petition in the superior court rather than proceeding directly to the California Court of Appeal. But none of the authorities he cites support this proposition. On the contrary, such procedural errors by a pro se plaintiff may well be excused under California law. *See In re Gray*, 102 Cal. Rptr. 3d 551, 559 (Cal. Ct. App. 2009) (holding that pro se petitioner did not lack diligence where petitioner sought to effect his right to appellate review by incorrect means). Furthermore, we have held:

> The period that an application for post-conviction review is pending is not affected or 'untolled' merely because a petitioner files additional or overlapping petitions before it is complete. Rather, each time a petitioner files a new habeas petition at the same or a lower level, . . . the subsequent petition has no effect on the already pending application, but triggers an entirely separate round of review.

*Delhomme v. Ramirez*, 340 F.3d at 820. Even if Noble triggered a separate round of review by filing a second petition in the superior court, that would not have ended his first round of review.

Noble argues, in the alternative, that the district court erred in concluding that Noble's second petition in the superior court initiated a separate round of review. But we need only consider that holding if it turns out that Noble's petition in the court of appeal was not filed within a reasonable time vis-à-vis his first petition. Because the district court did not make any findings on that issue, we do not address whether Noble's second petition in the superior court was part of his first round of review under *King v. Roe*, 340 F.3d 821, 823 (9th Cir. 2003).

### IV.

**[6]** We remand to the district court to determine in the first instance whether, under California law, Noble filed his petition in the court of appeal within a reasonable time after the denial of his first petition in the superior court. We have stated that an unexplained delay that is "substantially longer than the '30 to 60 days' that 'most States' allow for filing petitions" is not reasonable under California law. *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010). However, the California Court of Appeal has excused delays of several months where the petitioner offered an adequate explanation for the delay. *See In re Burdan*, 86 Cal. Rptr. 3d 549, 557-58 (Cal. Ct. App. 2008) (excusing delay of ten months for pro se petitioner where attorney said he would handle appeal but failed to do so); *In re Crockett*, 71 Cal. Rptr. 3d 632, 636-37 (Cal. Ct. App. 2008) (excusing delay of approximately five months where attorney "had no prior experience with appellate writs and could not obtain the assistance of experienced appellate counsel"). Thus, Noble's delay of four and a half months may be within the range of reasonableness if his explanation for the delay is adequate under California law.

In determining whether, under the circumstances of this case, California law would excuse Noble's delay, the district court should consider all relevant factors. Noble contends that his decision to file a second petition in the superior court was an attempt to cure the deficiencies in his first petition and was merely a good faith procedural error that can be excused under *Gray*, 102 Cal. Rptr. 3d at 559. The district court's reasonableness decision on remand may be informed by *Gray* and by any other factors that bear upon Noble's diligence.

**[7]** We wish we could be more helpful to the district court by providing more guidance. However, this is a state law question. Our court earlier requested advice on this issue from the California Supreme Court but that request was denied. *See Chaffer*, 592 F.3d at 1048 n.1. We, therefore, must leave it to the district court in the first instance to determine whether the four and a half month delay was reasonable in the context of this case under California law.

**VACATED and REMANDED.**