MEMORANDUM *
Remon Shields, a California state prisoner, appeals the dismissal of his petition for federal habeas corpus relief under 28 U.S.C. § 2254 as untimely under the one-year statute of limitations period for habe-as petitions instituted by the Antiterrorism and Effective Death Penalty Act of 1996 (“AEDPA”), codified at 28 U.S.C. § 2244(d). We affirm the district court’s decision.
We review a district court’s dismissal of habeas corpus for untimeliness de novo. Noble v. Adams, 676 F.3d 1180, 1181 (9th Cir.2012). “If the facts underlying a claim for equitable tolling are undisputed, the question of whether the statute of limitations should be equitably tolled is also reviewed de novo.” Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir.2003).
To the district court, Shields argued that he was eligible for equitable tolling based on several periods in which he was deprived access to his legal materials. We agree with the district court that Shields failed to make the requisite showing that these periods were extraordinary and proximately caused his untimely federal petition. See Bryant v. Ariz. Att’y Gen., 499 F.3d 1056, 1061 (9th Cir.2007); Stillman v. LaMarque, 319 F.3d 1199, 1202-03 (9th Cir.2003).
On appeal, Shields requests that we remand his case to the district court and order an evidentiary hearing on a claim that the untimeliness of his federal petition was caused by mental disability. We decline to consider Shields’s equitable tolling argument based on mental disability because he did not raise that issue before the district court, even if we construe Shields’s pro se petition liberally. See United States v. Pimentel-Flores, 339 F.3d 959, 967 (9th Cir.2003) (“Issues not presented to the district court cannot generally be *276 raised for the first time on appeal.”) (internal citations omitted). Shields’s argument to the district court regarding his mental outpatient housing, in particular, was not that he was mentally incapable, but that he was deprived access to his legal files for the period of time that he was so housed. That he told the district court that he had been housed in a mental outpatient housing unit for a finite period of time several months prior to the end of the limitations period did not present to the district court a claim that he was mentally incapable of filing papers on a timely basis, or that his failure to timely file papers was proximately caused by his mental condition during that time period. Nor has Shields made a persuasive argument on appeal. Being on suicide watch may suggest serious mental distress of some kind, but it does not necessarily mean or even strongly suggest that Shields was incapable of preparing and filing legal papers.
Shields’s claim regarding his lack of access to the law library and its clerks also cannot be construed as a mental disability claim. Cf. Laws v. Lamarque, 351 F.3d 919, 921 (9th Cir.2003). While access to the library and its resources might have improved the quality of his habeas petition, his claim, even read liberally, was not that his “mental illness prevented him from filing a timely habeas petition.” Id.
Moreover, Shields’s filings did not give the district court reason to infer the existence of any mental impairment such that an evidentiary hearing should have been ordered sua sponte by the district court. See Bills v. Clark, 628 F.3d 1092, 1100-01 (9th Cir.2010) (stating that, when deciding on a petitioner’s eligibility for equitable tolling, the district court must examine the record to determine “whether the petitioner satisfied his burden that he was in fact mentally impaired”). The papers Shields filed with the district court did not demonstrate the alleged incapacity. They looked like papers customarily received from pro se prisoners.
AFFIRMED.

This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.