FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ENRIQUE TORRES,

        Petitioner - Appellant,

   v.

DAVID B. LONG, Acting Warden,

        Respondent - Appellee.

No. 09-56793

D.C.No. 2:08-cv-02936- CAS- RC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted May 6, 2013
Pasadena, California

Before: PAEZ and IKUTA, Circuit Judges, and SEEBORG, District Judge.[**]

    Petitioner Enrique Torres sought a writ of habeas corpus in the district court

to correct alleged sentencing errors. The district court denied the petition as

untimely, without reaching the merits. Torres's underlying conviction became

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Richard Seeborg, United States District Judge for the
Northern District of California, sitting by designation.

final in 1994. Absent tolling, Torres had one year as of April 24, 1996, the effective date of the Anti-Terrorism and Effective Death Penalty Act (AEDPA), to file his federal habeas petition. *See Bryant v. Arizona Attorney Gen.*, 499 F.3d 1056, 1059 (9th Cir. 2007). Torres did not file the federal petition, however, until April 24, 2008, twelve years later.

Torres contends he was entitled to equitable tolling until March of 2005, based on his alleged inability to comprehend English and the lack of Spanish-language materials in the prison law libraries. Although the district court expressed reservations as to whether Torres's abilities to understand English were as limited as he claimed and whether he had exercised due diligence in any event, it did not hold an evidentiary hearing on those issues. Instead, the court held that even if Torres's language challenges might support application of equitable tolling up to the point he filed his first habeas petition in state court in 2003, he had not demonstrated an entitlement to "gap tolling" sufficient to excuse the numerous lengthy delays during a series of eleven habeas petitions he filed in state court before finally bringing the current federal petition.

Even assuming that under *Mendoza v. Carey*, 449 F.3d 1065 (9th Cir. 2006), it would have been an abuse of discretion to find Torres' claimed language deficiencies did not support tolling without an evidentiary hearing, the district

court did not rest its decision on any such finding. Rather, the court assumed for purposes of analysis that Torres would be entitled to tolling based on his purported limitations in English, and found the petition time-barred nonetheless.

We take a similar course and give Torres the further benefit of the doubt that he might be entitled to equitable tolling for language deficiencies until as late as March 23, 2005, the date he admits his English skills had become adequate. We nevertheless affirm the judgment, because even assuming Torres is or might be entitled to "gap" tolling for certain of the time periods in which he had no state habeas petition pending, the record shows that the limitations period necessarily expired prior to the filing of this petition.

## I.

A district court's denial of a petition for writ of habeas corpus is reviewed de novo, and denial of an evidentiary hearing is reviewed for abuse of discretion. *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1195 (9th Cir.2005) (citing *United States v. Rodrigues*, 347 F.3d 818, 823 (9th Cir.2003)). Findings of fact made by the district court are reviewed for clear error. *Moran v. McDaniel*, 80 F.3d 1261, 1268 (9th Cir.1996).

We need not decide whether Torres made a sufficient showing under *Mendoza* to be entitled to an evidentiary hearing on the extent and effect of his

3

English language deficiencies, were equitable tolling on such basis potentially sufficient to render his petition timely. *See Mendoza*, 449 F.3d at 1069 ("So long as there are some circumstances 'consistent with petitioner's petition and declaration' that would entitle the petitioner to equitable tolling, remand is appropriate." (quoting *Whalem/Hunt v. Early*, 223 F.3d 1146, 1148 (9th Cir. 2000))). We can presume that Torres was entitled to equitable tolling until March 23, 2005, which, as noted, is the time by which he admittedly had gained sufficient English language skills.[1]

---

[1] The district court presumed only that Torres might have been entitled to equitable tolling up until the date he filed his first state habeas petition in 2003. Because the filing of that petition does not conclusively establish that Torres at all times thereafter necessarily had sufficient English language skills and/or translation assistance to pursue the matter, we will not rely on that earlier date. That said, the record demonstrates that Torres had the assistance of a translator when he filed his second state court petition on December 10, 2004. As the same person assisted Torres in filing his third state court petition in June of 2005, it is by no means established that Torres was without translation assistance between December of 2004 and March of 2005. Because petitioners are not entitled to equitable tolling on the basis of language abilities once they have assistance from a translator, *see Mendoza*, 449 F.3d at 1070, we would be on solid ground to presume any entitlement to equitable tolling ended no later than December 10, 2004. Doing so would render Torres's federal petition untimely by an additional 47 days.

4

II.

The question then becomes whether more than one year of non-tolled time elapsed between March 23, 2005, the latest possible time Torres became sufficiently proficient in English, and the filing of his federal petition. Statutory tolling applies during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In California, so called "gap-tolling" applies to exclude the time between the denial of relief by a lower state court and the filing of another petition in a higher state court, if the time delay is reasonable. *See Evans v. Chavis*, 546 U.S. 189, 191–92 (2006). Although there is no hard rule for what constitutes a reasonable time delay in California, this Court has found an upper limit of approximately sixty days to be appropriate, unless an adequate explanation for additional delay has been provided. *See Velasquez v. Kirkland*, 639 F.3d 964, 967-68 (9th Cir. 2011); *Noble v. Adams*, 676 F.3d 1180 (9th Cir. 2012). A petitioner may also be entitled to gap tolling even where later petitions are not filed in a court of greater jurisdiction, if (1) "subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition," and (2) the petitions were timely filed. *Banjo v. Ayers*, 614 F.3d 964, 968–69 (9th Cir. 2010). On the other hand, if the subsequent petition is not limited to an

5

elaboration of facts in the first petition, "the subsequent petition constitutes a new round of collateral attack, and the time between them is not tolled." *Id*.

Here, construing every doubtful question in Torres's favor, the statute still expired prior to the filing of this petition. At least 92 days elapsed between the time Torres admits his English skills became adequate and the filing of his third state court petition. Because the third petition was summarily denied and no explanation for its filing outside the timeliness window appears, those days cannot be tolled. No basis for tolling of the 62 day gap between the sixth and seventh petitions exists as the seventh petition was denied as duplicative and was commenced in a lower court, thereby starting a "new round." Similarly the 61 day gap between the 7th and 8th petitions cannot be tolled as the latter petition was not brought in a higher court and did not represent an effort to address the deficiencies of the former. No basis to toll the 98 day gap between the 8th and 9th petition appears as the latter added new claims and started a "new round." Finally, there can be no dispute that the statute was running during the 56 days between the denial of Torres's final state petition and his bringing of the present petition in the district court.

Thus, at an absolute minimum 369 non-tolled days elapsed, putting Torres outside the limitations period, even assuming he has shown, or could possibly

6

show on remand, an entitlement to tolling of the other gap periods.[2]  If, as noted above, the time period was calculated from December of 2004 when Torres undisputedly had translation assistance, his petition was untimely by an additional 47 days.  Furthermore, there was a 123 day gap between the 4th and 5th petitions, well in excess of what is presumptively reasonable, for which no explanation has been provided.  While the absence of the fourth petition from the record creates an ambiguity, it is at best doubtful that a basis for tolling of that gap could be established.[3]

Accordingly, under any reasonable set of assumptions, the total non-tolled elapsed days exceed the one year window during which Torres could bring his federal habeas petition.  Accordingly, the district court did not err in finding the petition untimely, and no evidentiary hearing on equitable tolling prior to March of 2005 was necessary.

---

[2]  On any remand, Torres would also have to prevail on his equitable tolling claim premised on his asserted language deficiency.

[3]  Additionally, Torres virtually conceded no basis exists to toll the 215 day gap between his 9th and 10th state petitions.  While the record demonstrates Torres brought a motion for reconsideration regarding the 9th petition, which would allow us to conclude the resulting shorter gaps may have been tolled, *see Banjo*, 614 F.3d at 969, he did not so argue in his briefing.  Nor did Torres even mention the reconsideration motion.  Accordingly, it is unclear whether Torres adequately preserved the right to claim tolling of the period between the 9th and 10th petitions.

7

**AFFIRMED**.

*Torres v. Long*, No. 09-56793

PAEZ, Circuit Judge, dissenting,

I respectfully dissent. The majority claims that it "constru[es] every doubtful question in Torres's favor." Mem. at 6. I disagree. In my view, this case presents several close questions, which require careful examination of the facts and further record development, that are best resolved by the district court in the first instance. If the panel truly construed all doubts in Torres's favor, he would be eligible for tolling sufficient to make his habeas petition timely. I first address Torres's right to an evidentiary hearing on his equitable tolling claim and then address the various gap tolling periods the majority relies upon in affirming the district court's decision finding Torres's petition untimely.

The fact that Torres had access to some translation assistance in December 2004 does not mean that he had continued access to translation assistance after that date. Indeed, he declares in his affidavit that he did not. *Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006), stands for the reasonable proposition that a petitioner with access to translation services is not eligible for equitable tolling on the basis of a language barrier. It does not, however, stand for the proposition that if a petitioner ever has access to translation assistance, no matter how ephemeral, a petitioner is ineligible for equitable tolling for later periods of time when he does

not have such access. I would therefore conclude that there are "'circumstances consistent with petitioner's petition and declaration under which he would be entitled to . . . equitable tolling,'" and thus Torres is entitled to an evidentiary hearing on his equitable tolling claim. *Id.* at 1071 (quoting *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir.2000) (en banc)). In analyzing his remaining gap tolling claims, as the majority does, I assume equitable tolling through March 23, 2005.

In finding Torres's petition untimely, the majority holds that four gaps between Torres's various state habeas petitions are not eligible for gap tolling. The majority's reasoning relies on gaps not addressed by the magistrate judge's report and recommendation, which the district judge adopted in full. While I agree that the gap before the ninth petition should not be tolled, the others are close calls best resolved by the district court.

First, the majority concludes that the 92 day gap between Torres's second and third petitions should not be tolled because it was "summarily denied" and Torres did not provide an explanation for his delay. Mem. at 6. Nothing about the fact that the petition was "summarily denied" should inform our determination of whether Torres's petition was untimely. The summary denial provides no information about whether it was denied on the merits or as untimely. *See Evans v.*

*Chavis*, 546 U.S. 189, 198 (2006). We recognized in *Noble v. Adams* that California courts have "excused delays of several months where the petitioner offered an adequate explanation for the delay." 676 F.3d 1180, 1184 (9th Cir. 2012). In *Noble*, we remanded for the district court to consider whether a four and a half month delay was reasonable. *Id.* Torres argues that his delays were caused by his frequent transfers between prison facilities and inability to access the necessary legal resources to file his petitions. I would remand to the district court to decide the reasonableness of his delay, as we did in *Noble*.[1]

Second, the majority concludes that there is "[n]o basis for tolling the 62 day gap between the sixth and seventh petitions" because "the seventh petition was denied as duplicative and was commenced in a lower court, thereby starting a 'new round.'" Mem. at 6. As the majority correctly explains, a petition filed at the same level as a prior petition does not start a "new round" when it is "limited to an elaboration of the facts relating to the claims in the first petition." *Banjo v. Ayers*, 614 F.3d 964, 968-69 (9th Cir. 2010). The fact that a petition was denied as duplicative does not resolve the *Banjo* inquiry. Even if a petition elaborated on the facts of the prior petition, a court might still consider it duplicative. Indeed, a court

---

[1] For the same reasons, I would also remand for the district court to determine whether the delay between the fourth and fifth petitions was reasonable. *See* Mem. at 7 (suggesting that this gap also should not be tolled).

may be more likely to deny a petition that qualifies under the *Banjo* test as duplicative (because it does not raise new claims) than a petition that starts a new round by raising a new claim. Resolving this question requires close examination of the allegations in the petitions. I would remand to the district court to undertake this analysis in the first instance.

Similarly, while the majority concludes without further comment that the eighth petition "did not represent an effort to address the deficiencies of the former," Mem. at 6, I think the district court is best suited to analyze that issue. The eighth petition is not identical to the seventh and arguably could have been an effort, albeit not a successful one, to remedy the deficiencies of the prior petition.

Thus, by my calculation, if we construe all doubtful questions in Torres's favor, he has only 154 non-tolled days. The result in this case is particularly troubling because even under the majority's analysis, Torres is only four days shy of the statute of limitations. I would remand to allow the district court to make these fact-intensive inquiries before we deny Torres the ability to pursue his habeas claim.