PAEZ, Circuit Judge,
dissenting.
I respectfully dissent. The majority claims that it “constru[es] every doubtful question in Torres’s favor.” Mem. at 6. I disagree. In my view, this case presents several close questions, which require careful examination of the facts and further record development, that are best resolved by the district court in the first instance. If the panel truly construed all doubts in Torres’s favor, he would be eligible for tolling sufficient to make his habeas petition timely. I first address Torres’s right to an evidentiary hearing on his equitable tolling claim and then address the various gap tolling periods the majority relies upon in affirming the district court’s decision finding Torres’s petition untimely.
The fact that Torres had access to some translation assistance in December 2004 does not mean that he had continued access to translation assistance after that *656 date. Indeed, he declares in his affidavit that he did not. Mendoza v. Carey, 449 F.3d 1065, 1070 (9th Cir.2006), stands for the reasonable proposition that a petitioner with access to translation services is not eligible for equitable tolling on the basis of a language barrier. It does not, however, stand for the proposition that if a petitioner ever has access to translation assistance, no matter how ephemeral, a petitioner is ineligible for equitable tolling for later periods of time when he does not have such access. I would therefore conclude that there are “ ‘circumstances consistent with petitioner’s petition and declaration under which he would be entitled to ... equitable tolling,’ ” and thus Torres is entitled to an evidentiary hearing on his equitable tolling claim. Id. at 1071 (quoting Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir.2000) (en banc)). In analyzing his remaining gap tolling claims, as the majority does, I assume equitable tolling through March 23, 2005.
In finding Torres’s petition untimely, the majority holds that four gaps between Torres’s various state habeas petitions are not eligible for gap tolling. The majority’s reasoning relies on gaps not addressed by the magistrate judge’s report and recommendation, which the district judge adopted in full. While I agree that the gap before the ninth petition should not be tolled, the others are close calls best resolved by the district court.
First, the majority concludes that the 92 day gap between Torres’s second and third petitions should not be tolled because it was “summarily denied” and Torres did not provide an explanation for his delay. Mem. at 6. Nothing about the fact that the petition was “summarily denied” should inform our determination of whether Torres’s petition was untimely. The summary denial provides no information about whether it was denied on the merits or as untimely. See Evans v. Chavis, 546 U.S. 189, 198, 126 S.Ct. 846, 163 L.Ed.2d 684 (2006). We recognized in Noble v. Adams that California courts have “excused delays of several months where the petitioner offered an adequate explanation for the delay.” 676 F.3d 1180,1184 (9th Cir.2012). In Noble, we remanded for the district court to consider whether a four and a half month delay was reasonable. Id. Torres argues that his delays were caused by his frequent transfers between prison facilities and inability to access the necessary legal resources to file his petitions. I would remand to the district court to decide the reasonableness of his delay, as we did in Noble.[1]
Second, the majority concludes that there is “[n]o basis for tolling the 62 day gap between the sixth and seventh petitions” because “the seventh petition was denied as duplicative and was commenced in a lower court, thereby starting a ‘new round.’ ” Mem. at 6. As the majority correctly explains, a petition filed at the same level as a prior petition does not start a “new round” when it is “limited to an elaboration of the facts relating to the claims in the first petition.” Banjo v. Ayers, 614 F.3d 964, 968-69 (9th Cir.2010). The fact that a petition was denied as duplicative does not resolve the Banjo inquiry. Even if a petition elaborated on the facts of the prior petition, a court might still consider it duplicative. Indeed, a court may be more likely to deny a petition that qualifies under the Banjo test as du-plicative (because it does not raise new claims) than a petition that starts a new round by raising a new claim. Resolving *657 this question requires close examination of the allegations in the petitions. I would remand to the district court to undertake this analysis in the first instance.
Similarly, while the majority concludes without further comment that the eighth petition “did not represent an effort to address the deficiencies of the former,” Mem. at 6,1 think the district court is best suited to analyze that issue. The eighth petition is not identical to the seventh and arguably could have been an effort, albeit not a successful one, to remedy the deficiencies of the prior petition.
Thus, by my calculation, if we construe all doubtful questions in Torres’s favor, he has only 154 non-tolled days. The result in this case is particularly troubling because even under the majority’s analysis, Torres is only four days shy of the statute of limitations. I would remand to allow the district court to make these fact-intensive inquiries before we deny Torres the ability to pursue his habeas claim.

. For the same reasons, I would also remand for the district court to determine whether the delay between the fourth and fifth petitions was reasonable. See Mem. at 7 (suggesting that this gap also should not be tolled).