RAWLINSON, Circuit Judge,
dissenting:
I respectfully dissent from the holding of the majority that Brian Joseph McMo-nagle’s habeas petition was timely. In my view, the majority opinion erroneously conflates the concepts of finality and exhaustion and runs afoul of the time limits contained in 28 U.S.C. § 2244(d)(1)(A) of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).
As the majority opinion discusses, the issue of timeliness in this case stems from the peculiar review procedure that governs misdemeanor appeals in the California judicial system. In California, an individual convicted of a misdemeanor may only challenge the conviction by filing an appeal with the appellate division of the superior *1159 court of California. See Cal.Penal Code § 1466; see also People v. Burlington N. Santa Fe R.R., 209 Cal.App.4th 1513, 1520 n. 3, 148 Cal.Rptr.3d 243 (2012) (“In a misdemeanor case, appeal is to the appellate division of the superior court”) (citing Cal-Penal Code § 1466). At the conclusion of proceedings in the appellate division of the superior court, a party may request that the appellate division of the superior court certify an appeal to the California Court of Appeal. See Cal. R. Ct. 8.1005, 8.1002; see also Tecklenberg v. Appellate Div., 169 Cal.App.4th 1402, 1405, 87 Cal.Rptr.3d 460 (2009). If the appellate division of the superior court denies the request for certification, a party may seek directly a transfer to the Court of Appeal. See Cal. R. Ct. 8.1006, 8.1002. “If the Court of Appeal denies transfer of a case from the appellate division of the superior court ..., the denial is final immediately....” Cal. R. Ct. 8.1018(a). The party may not appeal the denial to the California Supreme Court. See Cal. R. Ct. 8.500(a)(1); see also Tecklenberg, 169 Cal.App.4th at 1405 n. 4, 87 Cal.Rptr.3d 460 (“Rule 8.500(a)(1) provides: A party may file a petition in the Supreme Court for review of any decision of the Court of Appeal, including any interlocutory order, except the denial of a transfer of a case within the appellate jurisdiction of the superior court.”) (internal quotation marks omitted) (emphasis in the original).
To summarize, an individual convicted of a misdemeanor in California may obtain review of that conviction in the appellate division of the superior court. If that review is unfavorable, the party may seek further review via transfer to the California Court of Appeal directly or through certification from the appellate division of the superior court. However, if the Court of Appeal declines the transfer, no further direct appeal is available. Specifically, the order denying transfer to the Court of Appeal is final immediately, and no petition for review may be filed in the California Supreme Court.
In this case, McMonagle’s request for transfer to the Court of Appeal was denied on February 11, 2010. Two months later, McMonagle filed an original petition for a writ of habeas corpus in the California Supreme Court, which was denied on June 17, 2010. The outcome of this case turns on whether McMonagle’s case became final upon the denial of the requested transfer to the Court of Appeal or upon denial of his habeas petition by the California Supreme Court.
28 U.S.C. § 2244(d)(1)(A) provides:
A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
(A) the date on which the judgment became final by the conclusion of direct review ...
(Emphasis added).
We have consistently determined the timeliness of a habeas petition by calculating the running of the limitations period with reference to the completion of direct review in the state court. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir.1999). Although filing of collateral proceedings may toll the running of the limitations period, it does not affect commencement of the running of the limitations period. See Banjo v. Ayers, 614 F.3d 964, 968-69 (9th Cir.2010) (discussing tolling due to collateral review proceedings).
The majority opinion seeks to alter our well-established interpretation of finality by conflating the concepts of finality and exhaustion of state remedies. See Majority Opinion, p. 1156 (“Here, it is no coincidence that finality coalesces with exhaus *1160 tion.... ”). However, the United States Supreme Court does not agree. In Duncan v. Walker, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001), the Supreme Court distinguished the concepts of exhaustion and finality. The Court explained that the exhaustion requirement set forth in 28 U.S.C. § 2254(b) fosters comity between state and federal courts by ensuring that state courts have a complete opportunity to review federally-based challenges to a state conviction before initiating a collateral challenge in federal court. See id. at 178-79, 121 S.Ct. 2120. In contrast, the statute of limitations period contained in 28 U.S.C. § 2244(d)(1) advances the goal of finality in state court judgments, thereby reducing the potential for delay. See id. at 179, 121 S.Ct. 2120. The tolling provision contained in 28 U.S.C. § 2244(d)(2)[1] bridges the gap between the limitations period in § 2244(d)(1) and the exhaustion requirement of § 2254(b)(1)(A).[2] Even though the limitations period begins to run when direct review becomes final, the collateral review required to exhaust state remedies tolls the running of the limitations period.[3] See id. at 179-80, 121 S.Ct. 2120.
The majority’s approach conflating exhaustion and finality obliterates the balance struck by the exhaustion and statute of limitation provisions of AEDPA and im-permissibly renders the tolling provision superfluous. See Ctr. for Biological Diversity v. Salazar, 695 F.3d 893, 903 (9th Cir.2012) (“It is a cardinal principle of statutory construction that a statute should be construed, if possible, so that no clause, sentence or word shall be superfluous, void or insignificant....”) (citations and internal quotation marks omitted). The majority is of the view that no proceeding in California is final until the California Supreme Court has ruled. See Majority Opinion, p. 1154. Thus, the majority calculates the running of the habeas statute of limitations in this case from the date the California Supreme Court denied McMonagle’s habeas petition, rendering his federal habeas petition timely. See id., p. 1157. However, the rules governing misdemeanor appeals in California provide that denial of a certification to the California Court of Appeal for review “is final immediately” and may not be appealed to the California Supreme Court. Cal. R. Ct. 8.500(a)(1); see also Tecklenberg, 169 Cal.App.4th at 1405 & n. 4, 87 Cal.Rptr.3d 460. The denial of McMonagle’s appeal on February 11, 2010, was “final immediately,” triggering the running of the federal habe-as statute of limitation. Without tolling, the one-year statute of limitations expired on May 12, 2011. See Greene v. Fisher, — U.S. —, 132 S.Ct. 38, 44, 181 L.Ed.2d 336 (2011) (“Finality occurs when direct state appeals have been exhausted and a petition for writ of certiorari from [the United States Supreme Court] has become time barred ... ”) (emphasis added); see also United States Supreme Ct. R. 13 (providing 90 days within which to *1161 file for a writ of certiorari). As the district court noted, McMonagle was entitled to tolling for the thirty-six days during which his habeas petition was pending before the California Supreme Court. See 28 U.S.C. § 2244(d)(2). Addition of these thirty-six days extended the statute of limitations deadline to June 17, 2011. I agree with the district court that his habeas petition filed on August 10, 2011, was untimely.
It is no surprise that the majority fails to cite even one case adopting its novel view conflating the concepts of exhaustion and finality. This will be the first.
I respectfully dissent.

. 28 U.S.C. § 2244(d)(2) provides:
The time during which a properly filed application for State post-conviction or other collateral review ... is pending shall not be counted toward any period of limitation under this subsection.

. 28 U.S.C. § 2254(b)(1)(A) provides:
An application for a writ of habeas corpus ... shall not be granted unless it appears that—
(A) the applicant has exhausted the remedies available in the courts of the State ...

.It is notable that 28 U.S.C. § 2254(b)(1)(A) speaks of exhaustion in terms of "the remedies” available in the state courts while § 2244(d)(1)(A) speaks of finality in terms solely of direct review.