**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

OCT 20 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LAWRENCE E. SCHWIGER,

       Petitioner - Appellant,

  v.

JACK PALMER; ATTORNEY
GENERAL OF THE STATE OF
NEVADA,

       Respondents - Appellees.

No. 13-15564

D.C. No. 3:09-cv-00454-LRH-
VPC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted October 7, 2014
San Francisco, California

Before: O'SCANNLAIN, THOMAS, and McKEOWN, Circuit Judges.

Lawrence Schwiger appeals the dismissal of his 28 U.S.C. § 2254 habeas

corpus petition. Dismissal of a habeas petition on timeliness grounds is reviewed

de novo, *Banjo v. Ayers*, 614 F.3d 964, 967 (9th Cir. 2010), as is equitable tolling

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

where the facts are undisputed, *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). We have jurisdiction pursuant to 28 U.S.C. § 2253, and affirm.

As counsel acknowledged during argument, Schwiger's claim that the district judge should have affirmatively advised him to file a new petition is foreclosed by *Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("Requiring district courts to advise a *pro se* litigant in such a manner would undermine district judges' role as impartial decisionmakers.").

We expand the certificate of appealability to include the issue of whether equitable tolling is warranted on the grounds that the district court affirmatively misled Schwiger. Under the circumstances presented here, Schwiger was not misled and no "extraordinary circumstance stood in his way" to prevent timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).[1]

**AFFIRMED.**

---

[1] Because he is represented by counsel, we decline to entertain Schwiger's *pro se* motion to take judicial notice. *See United States v. Bergman*, 813 F.2d 1027, 1030 (9th Cir. 1987).