NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DARRELL CONNERS, | No. 21-15693 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-00372-RCJ-CLB |
| v. | |
| WILLIAM HUTCHINGS, Warden; ATTORNEY GENERAL FOR THE STATE OF NEVADA, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted May 23, 2023**
Pasadena, California

Before: GRABER and WARDLAW, Circuit Judges, and BAKER,*** International
Trade Judge.

Darrell Conners, a Nevada state prisoner, appeals the district court's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

dismissal of his 28 U.S.C. § 2254 habeas corpus petition as untimely. In his petition, Conners argues that his federal and state sentences were to run concurrently, but were imposed consecutively due to ineffective assistance of counsel.[1] Exercising our jurisdiction under 28 U.S.C. § 2253, we find the petition timely and reverse and remand for the district court to address the merits of the petition.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), we review *de novo* the district court's denial of Conners' federal habeas petition as untimely and its determination that Conners was not entitled to statutory tolling. *Noble v. Adams*, 676 F.3d 1180, 1181 (9th Cir. 2012); *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). We also review *de novo* the district court's determination that Conners was not entitled to equitable tolling. *Gibbs v. Legrand*, 767 F.3d 879, 884 (9th Cir. 2014).

1. The district court properly determined that Conners' federal habeas petition was untimely under AEDPA and that he was not entitled to statutory

---

[1] Conners also filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence based on the same underlying ineffective assistance of counsel issues. In its amended judgment, the district court "found for Conners on his claim that he received ineffective counsel" and attempted to "cure the default" by permitting Conners "to serve his time under Counts 1 and 3 concurrently with his state court sentence." Case No. 2:11-0304, dkt. 148 at 2. However, the district court found that "Count 2 cannot be concurrent to any other sentence," and therefore Conners would serve a consecutive term as to that count. *Id.* at 2–3.

tolling. AEDPA establishes a one-year period within which an individual seeking relief must file an application for a writ of habeas corpus. 28 U.S.C § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(D), the limitation period may not begin until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Here, Conners may not have realized that his sentences were running consecutively until the day he filed his motion *nunc pro tunc*. Even assuming, as the district court did, that the one-year period started on the day after Conners filed his *nunc pro tunc* motion (January 9, 2014), he still "effectively filed his federal petition on July 8, 2015, six months late."

Further, neither Conners' *nunc pro tunc* motion, which the district court construed as a § 2255 motion, nor his motion to withdraw his plea, which the state court construed as a state post-conviction habeas petition, tolled the one-year statutory period. The *nunc pro tunc* motion did not collaterally attack the state conviction at issue and was ineligible for tolling under 28 U.S.C. § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001). The motion to withdraw also did not toll the one-year period because the period had already expired, and a state post-conviction habeas petition cannot revive an expired federal period of limitations. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

2. The district court erred in holding that Conners was not entitled to

equitable tolling. A habeas petitioner seeking equitable tolling bears the burden of establishing: "(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Smith v. Davis*, 953 F.3d 582, 588 (9th Cir. 2020) (en banc) (internal quotation marks omitted) (citing *Holland v. Florida,* 560 U.S. 631, 649 (2010)). Conners met his burden of showing that extraordinary circumstances prevented him from timely filing and that he has "been reasonably diligent in pursuing his rights not only while [the] impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his [petition] in federal court." *Id.* at 598–99.

Extraordinary circumstances prevented Conners from filing on time. First, the state sentencing transcript reveals that Conners' counsel and the state trial judge erroneously believed that Conners' state sentence could and would run concurrently with his federal sentence. *See Reynolds v. Thomas*, 603 F.3d 1144, 1149 (9th Cir. 2010), *abrogated on other grounds by Setser v. United States*, 566 U.S. 231 (2012). No one, including Conners' state and federal counsel, notified him about this error, which caused confusion and amounts to "egregious" unprofessional attorney conduct and an extraordinary circumstance. *See Holland*, 560 U.S. at 651–52 (noting that an attorney's unprofessional conduct can sometimes "amount to egregious behavior and create an extraordinary

4

circumstance that warrants equitable tolling"); *see also Benjamin v. Kelly*, No. 21-35260, 2022 WL 1285040 (9th Cir. Apr. 29, 2022) (unpublished). Second, in addition to the complex nature of Conners' situation, his continued representation by multiple ineffective and conflicted counsel, who failed to understand his intertwining cases, contributed to his failure to timely file his habeas petition.[2] Accordingly, the district court overlooked the multiple challenging conditions Conners encountered, which when combined, created extraordinary circumstances preventing Conners from filing his petition on time.

Further, Conners was diligent before, during, and after the impediment caused by the extraordinary circumstance ended. *Smith*, 953 F.3d at 598–99. "[T]he diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" *Id.* at 599 (quoting *Holland*, 560 U.S. at 653 (citations omitted by *Smith*)). In January 2014, upon realizing that he was not being moved into federal custody for a concurrent sentence, Conners immediately tried to resolve his sentencing issue by contacting his then federal public defender, William Carrico, who continued to provide ineffective assistance. Our caselaw "illustrate[s] the basic principle that a petitioner's reasonable reliance on an

---

[2] For example, Conners' first appointed counsel, Darin Imlay, misled Conners at his initial state sentencing hearing. Conners' second appointed counsel, William Carrico, ineffectively assisted Conners with filing a *nunc pro tunc* motion, which the district court construed as a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 and denied on May 28, 2014.

attorney should not prejudice his opportunity to file a habeas petition." *Gibbs*, 767 F.3d at 890 (finding that the defendant acted with reasonable diligence when he relied on his attorney during the period in question and had no reason to contact the court) (citing *Holland*, 560 U.S. at 631; *Maples v. Thomas*, 565 U.S. 266 (2012); *Spitsyn*, 345 F.3d at 796; *Doe v. Busby*, 661 F.3d 1001 (9th Cir. 2011)). Conners repeatedly sought Carrico's affidavit attesting to his ineffectiveness as counsel, which Carrico had promised but failed to provide. Meanwhile, Conners continued trying to resolve his sentencing issue *pro se* by moving to withdraw his plea in his state robbery case in March 2015 and subsequently appealing to the Nevada Court of Appeals. In federal court, Conners wrote to the district court about the ineffective assistance of his counsel in April 2015, filed a successive motion in May 2015, and filed the petition before us in July 2015. Since Conners' state conviction became final, he has sought relief through every reasonable avenue possible, both in federal and state courts, *see Roy v. Lampert*, 465 F.3d 964, 972 (9th Cir. 2006), and "work[ed] on his petition with some regularity" as circumstances permitted until it was filed with the court. *Smith*, 953 F.3d at 601. Therefore, we conclude that Conners is entitled to equitable tolling.

Accordingly, we **REVERSE** the district court's dismissal of Conners' petition as untimely and **REMAND** the case for the district court to decide whether Conners' § 2254 petition is meritorious.

6

**REVERSED AND REMANDED.**